OLIVER ARNOLD *v.* BELA LINCOLN.

A devise to a wife being in the words following:—" *Third.* I give and bequeath to my beloved wife, Mary Arnold, all my other estate of which I may die possessed, both real and personal, to be by her freely possessed and enjoyed,"— *Held,* That the devisee took an estate in fee in the real estate referred to.

THIS was an action of trespass and ejectment to determine the title to a farm originally the property of Martin Arnold, who, in

his last will and testament, made disposition of it in and by the third clause of that instrument, as quoted in the Court's opinion. The plea to the action was the general issue; but the parties, waiving trial by jury, submitted the case to the Court upon law and fact.

*Thomas C. Greene, for the plaintiff.*

*Currey, for the defendant.*

DURFEE, J. The plaintiff sues in this action, as one of the heirs at law of Martin Arnold, to recover one undivided twenty-fourth part of a farm in Smithfield, which belonged to Martin Arnold at his decease. The plaintiff's right to recover depends on the construction of Martin Arnold's will, which, after certain devises or bequests to the testator's brother and sister, contains the following clause, to wit :—

" *Third.* I give and bequeath to my beloved wife, Mary Arnold, all my other estate of which I may die possessed, both real and personal, to be by her freely possessed and enjoyed."

The farm in question passed under this clause, and if, under it, Mary Arnold took only a life estate, the plaintiff is entitled to recover ; if she took an estate in fee, he is not entitled to recover.

We think the clause created an estate in fee in Mary Arnold. In *Bailis* v. *Gale*, Ms. Rep. 2 Vez. 48, 6 Greenl. Cruise, 214, Lord Hardwicke, in construing a devise in the words, " all that estate I bought of Mr. Mead," said : " In all the modern cases where the word ' *estate* ' is used, it has been held to pass a fee, unless there be some words to restrain that generality, for *estate* is *genus generalissimum,* as held by Lord Ch. J. Holt, in the case of *Bridgewater* v. *Bolton.*" The rule thus early declared has been very uniformly observed in subsequent decisions.

In the case before us, we see no reason for withholding from the words—" all my other estate "—their full effect, whether regard be had to their immediate context or to the preamble and preceding clauses of the will. It is suggested that, the farm being an ancestral estate, we ought to favor a construction which will keep it in the testator's family ; but supposing we are at liberty to consider this fact, yet inasmuch as it does not appear

that the farm is more than a fair provision for his wife, we do not think it entitled to have the weight which is claimed for it.

We give the defendant judgment for his costs.